**In the Matter of the Petition of Gene A. CHAMLEY for Readmission to the Practice of Law.**

**No. 14421.**

Supreme Court of South Dakota.

May 29, 1984.

Gene A. Chamley, pro se.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for the Bd. of Bar Examiners.

PER CURIAM.

This case involves the petition of Gene A. Chamley for readmission to the practice of law in South Dakota.

The events leading up to this petition began back on September 18, 1975, when Chamley, a practicing attorney in South Dakota since 1970, wrote a letter to the State Bar Association of South Dakota stating that he was resigning from the Bar. At the same time he tore up his certificate to practice law and sent parts of it to various individuals, including one identifiable portion to the Chief Justice of the South Dakota Supreme Court. This was at a time when there was an outstanding complaint against him before the State Bar alleging among other things that he had advised a client to disobey a lawful order of the circuit court.

Chamley then left the state for some time. Since his return he has sought intermittently to be readmitted to the Bar: first in 1978, then in 1981, and again in September of 1983. In 1981, the Board of Bar Examiners, after careful investigation undertaken by direction of this court, recommended that Chamley not be readmitted. Chamley filed a request for a hearing on the recommendation, but later completely withdrew his petition for readmission; the action was consequently dismissed.

This leads us to his most recent petition for readmission, filed in September of 1983. This court, as per our usual practice, again referred the matter to the Board of Bar Examiners for investigation and recommendation. After due investigation, the Board recommended, for the following reasons, that Chamley not be readmitted:

1) He had been arrested on at least nine occasions between March 1977 and August 1983. In six of these instances he was found guilty; one matter was pending and one was under appeal.

2) There are a number of unsatisfied civil judgments against him, involving child support, foreclosure, and assault.

3) He admitted openly practicing law following his earlier resignation from the Bar.

4) Personal recommendations from references provided by Chamley failed to provide unqualified recommendations for his admission to the practice of law.

5) His history of employment indicates a lack of stability and an inability to maintain regular employment.

6) At the time of his resignation from the State Bar, disciplinary proceedings against him were pending.

7) His personal behavior, conduct, and demeanor since his resignation are not in keeping with the conduct required of a member of the Bar.

These findings were served upon Chamley; in response, he claimed that the allegations behind finding number six were a lie, but otherwise he did not deny any of the findings.

Oral argument on Chamley's petition was heard March 19, 1984; an Assistant Attorney General appeared on behalf of the Board of Bar Examiners and Chamley appeared and argued on his own behalf. The thrust of Chamley's argument was that he is still licensed to practice law in South Dakota; that his resignation from the State Bar did not affect his license to practice law, since his license has never been revoked by the South Dakota Supreme Court. Coupled with this argument was a claim that SDCL 16–18–1 [1] is unconstitutional under Article 6, § 2 of the South Dakota Constitution [2] in that the statute requires him to belong to a "labor union" in order to be an attorney. In oral argument he again failed to deny the findings of the Board of Bar Examiners as are set forth above.

■ Under SDCL 16–18–1, it seems clear that a resignation from the State Bar is likewise a forfeiture of one's license to practice law in South Dakota. However, it is imperative that we deal with Chamley's claim that SDCL 16–18–1 violates the state constitution by requiring him to belong to a "labor union" in order to work at his profession. In doing so, two points are of utmost importance.

First, the only other jurisdiction which has faced this precise issue has clearly ruled that a bar association is not a labor union. In the case of *In re Integrating the Bar*, 222 Ark. 35, 259 S.W.2d 144, 151 (1953) (on rehearing), the Arkansas Supreme Court stated:

1. SDCL 16–18–1 provides in pertinent part: "[N]o person shall engage in any manner in the practice of law in the state of South Dakota unless such person be duly licensed as an attorney at law, and be an active member of the state bar in good standing...."

2. S.D. Const. art. VI, § 2 provides in pertinent part: "The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union, or labor organization."

[I]t is said that a bar association is a labor union and that therefore an integrated bar would be a closed shop, in violation of Amendment 34 to the constitution. This argument is wholly without merit. Labor unions are organized primarily for the purpose of bargaining with management in the matter of wages, hours of employment, working conditions, etc. A professional organization such as a bar association does not represent its members in these matters and bargains with no one. It is obviously not a labor union.

Second, while membership in the State Bar is required in order to practice law in South Dakota, such membership is not granted by simply paying your "union dues." Education, knowledge, abilities, and proper character are all prerequisites to Bar membership. Furthermore, the State Bar was organized for the following purposes: to obtain the cooperation of all the practicing lawyers in the state in the better administration of justice, to maintain a high standard of professional conduct, to furnish a legal entity through which the judgment of its members may be made available to the courts and the legislature, to uphold the honor of the profession of law, to encourage adequate preparation for its practice, and to promote cordial relations among lawyers. SDCL 16–17–2. These purposes clearly distinguish the Bar from a labor union. The Bar provides a vehicle for testing applicants as to character and ability, for disciplining its members under a strict code of professional responsibility, and for the protection of the general public. A license to practice law permits an attorney to assume responsibilities of clients relative to their property, their freedom, and at times their very lives. It is an awesome responsibility as indicated by the solemn oath taken by each member of the Bar. Therefore, it is imperative that some organization police the applicants and members, and in South Dakota that responsibility has been delegated to the State Bar by the legislature and the supreme court.

For a person to equate his Bar membership with a "union card" indicates, among other things, a very serious misconception of the duties and responsibilities of lawyers, and may be an important factor in Chamley's behavior toward his own certificate to practice, toward the State Bar, and toward the courts of this state. Since the Bar is obviously not a labor union, we conclude that requiring membership in the State Bar in order to practice law is not violative of the right to work provision of Article VI, § 2 of the South Dakota Constitution. We further conclude that Chamley, through his own actions, is no longer a member of the State Bar, nor is he licensed to practice law in South Dakota. SDCL 16–18–1. The findings of the Board of Bar Examiners, standing unrefuted, are more than sufficient to substantiate the Board's recommendation that Chamley not be readmitted.

The findings of the Board of Bar Examiners are affirmed and the petition for readmission is denied.